# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:07cr101 |
| | § | (Judge Schneider) |
| GREGORY POLYDORE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 18, 2009, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Greene. The Government was represented by Jay Johnson.

On March 9, 2005, Defendant was sentenced by the Honorable William H. Walls for the offense of Conspiracy to Defraud the United States. Defendant was sentenced to fifteen (15) months' imprisonment followed by a term of supervised release of three years. Defendant was also ordered to pay restitution in the amount of $74,643.65 and a $3,000 fine. On September 6, 2006, Defendant completed his period of imprisonment and began his supervised release term. On April 18, 2007, jurisdiction was transferred to the Eastern District of Texas.

On June 24, 2008, Defendant's term of supervised release was revoked for violations relating to his failure to notify the U.S. Probation Office of being questioned by law enforcement within 72 hours, failing to submit accurate and complete financial information as requested by the U.S. Probation Office in a timely manner, and failing to make restitution payments as directed. Defendant was sentenced to one day imprisonment to be followed by a thirty (30) month term of supervised release subject to the standard conditions of release, plus special conditions to include $100 special

assessment, restitution of $74,643.65, a fine of $3,000, no new credit, financial disclosure and six months of home confinement with electronic monitoring.

In August 2008 it was discovered that the Defendant purchased a 2006 Ford F-150 truck for $10,000 in July 2008. Defendant reported that the truck was purchased for his business, Clean, Inc. and paid for by funds from the business account. The truck is registered in Defendant's name and Defendant is the sole owner of the business. Defendant was instructed that he had to obtain permission prior to making any large purchases, such as vehicle purchases, for his business.

On September 12, 2008, the Court, after motion by Defendant, allowed Defendant to leave his residence to seek and obtain employment during normal business hours. On December 2, 2008, Defendant appeared before Judge Don D. Bush to request that his home confinement schedule be adjusted to allow him to work nights and weekends. The Court granted permission for Defendant to work four nights during that week until 10:00 p.m. Judge Bush also instructed Defendant to pay his profit earned from the job, estimated to be $360, toward his restitution in additional to his regular payment.

On May 1, 2009, an Administrative Staffing was conducted with Deputy Chief U.S. Probation Officer Shane Ferguson, Supervising U.S. Probation Officer Myra Kirkwood, Senior U.S. Probation Officer Linda Werner and the Defendant to address his continued noncompliance regarding submitting accurate financial information in a timely manner, the Defendant making contributions to his religious congregation from his business account, failing to submit his 2008 tax return or extension, and failing to make restitution payments as directed. Defendant was instructed to pay ten percent of his gross monthly income and an additional $150 per month for the following three months at which time another meeting would be scheduled to discuss his progress and a plan for him to pay restitution in full.

On July 2, 2009, it was discovered that Defendant wrote a check on April 29, 2009, to Herb's Auto Body on his business account for $5,186. When questioned regarding this check, the Defendant reported his work truck had dings and scratches which needed repair and his deductible was $1,700. In August 2009, it was discovered that Defendant purchased a 2002 Ford Econoline Van in February 2009 for his business, without permission. Defendant reported that the purchase was made from his business account for $4,900. The vehicle was registered in the business name.

On October 23, 2009, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following standard conditions: (1) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (2) the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. The petition also alleged Defendant violated the following special condition: Defendant shall pay restitution in the amount of $78,143.65 and a fine of $3,000. Restitution shall be paid on a monthly basis at a rate of at least ten percent of his gross income. Defendant shall also pay fifty percent of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipts of money. These additional monies shall be paid within fifteen days of receipt.

The Government offered the testimony of U.S. Probation Officer Linda Werner. Officer Werner testified that Defendant submitted a Personal Financial Statement on July 16, 2009, in which he over reported his monthly expenses. He reported that he pays $220 per month on electricity, but his average monthly bill was $98.55. Defendant reported that he pays $512 per month for health insurance, but Defendant's bank statements reflect that his monthly average is $366.65 per month. Defendant also reported that he pays $500 per month in medical expenses; however, Officer Werner

stated that his average monthly expense was $55.33. When Defendant was questioned about the discrepancies on October 2, 2009, he reported that he was "fallible."

Officer Werner also testified that Defendant was questioned on July 2, 2008, by the McKinney Police Department regarding an altercation Defendant had with his wife, but did not notify the office until July 7, 2008. Officer Werner stated that she counseled Defendant about reporting all incidents within seventy-two hours. Officer Werner testified that Defendant was questioned by McKinney Police Department on September 11, 2008, regarding a verbal altercation Defendant had with his wife, but did not notify the probation officer until September 16, 2008.

Officer Werner explained that Defendant failed to pay ten percent of his gross monthly income toward his restitution and fine. Defendant submitted monthly reports for June 2008 through August 2009 reporting total gross income during these months as $45,498.06. Ten percent of this amount would be $4,549, and Defendant had only paid $3,790 for the months of June 2008 through August 2009. Defendant also failed to pay fifty percent of his 2007 tax return and fifty percent of his tax stimulus he received in 2007. Documents supporting Officer Werner's testimony were admitted into evidence.

After the Government put on its case, Defendant testified.

The Court finds the guideline range in this case is three to nine months. The probation officer recommended nine (9) months of imprisonment followed by a term of supervised release of twenty-six (26) months.

## **RECOMMENDATION**

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked.

The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months with twenty-nine (29) months of supervised release to follow. Defendant shall surrender for service of his sentence on January 4, 2010.

After the Court announced the recommended sentence, Defendant executed the waiver of right to be present and speak at sentencing. Defendant did not waive the right to file objections.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

It is further ordered that the defendant is to pay restitution totaling $75,643.65 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 402 East Street, Room 2020, Trenton, New Jersey 08608. Interest is waived.

It is further ordered that the defendant shall pay a fine totaling $3,000. The Court orders the fine payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance within 15 days of receipt. The fine is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 402 East Street, Room 2020, Trenton, New Jersey 08608. Interest is waived.

The defendant shall provide the probation officer with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of December, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE